Filed 11/12/15  P. v. Willis CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260689 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PH06962) |
| v. | |
| TYLER HOWLAND WILLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Tyler Howland Willis, in pro. per. and Erick Victor Munoz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Tyler Howland Willis appeals from a postjudgment order reinstating parole on condition he serve 180 days in county jail. The order was based on the court's finding Willis had violated a special condition of parole. We affirm.

## DISCUSSION

Willis was convicted on October 27, 2009 of committing a lewd act on a child under the age of 14 years (Pen. Code, § 288, subd. (a)). He was released from state prison and placed on parole on March 25, 2012. Among Willis's special conditions of parole, he was prohibited from entering or loitering within 250 feet of the perimeter of places where children congregate and was required to participate in continuous electronic monitoring technology by wearing a GPS (Global Positioning System) device.

On September 25, 2014 Willis was arrested for failing to adequately charge his GPS device and being within 250 feet of a children's designated play area at a fast food restaurant. Willis's parole agent, Javier Mata, filed a petition to revoke Willis's parole pursuant to Penal Code section 3000.08. At the arraignment on the petition, Willis denied the allegations. The trial court found sufficient probable cause, ordered Willis's parole to remain preliminarily revoked and scheduled a contested revocation hearing.

At the outset of the revocation hearing on November 17, 2014, the People dismissed the allegation that Willis was in a prohibited children's area and elected to proceed only on the allegation he had failed to adequately charge his GPS device. Agent Mata testified, as a special condition of parole, Willis was required to wear a GPS device to enable Mata to monitor Willis's compliance with his parole conditions. Mata had instructed Willis he was required to charge the device for at least one hour, twice each day, to ensure the battery was working. Mata's records showed the battery in Willis's device was running low and Willis had charged his device for less than an hour in the morning and evening on six different days.

Willis did not testify or present other evidence in his defense. At the conclusion of the hearing, the trial court found Willis had violated his parole by failing to adequately charge his GPS device on multiple days. Following argument by counsel, the court

revoked and reinstated parole with a modified condition that Willis serve 180 days in county jail.

We appointed counsel to represent Willis on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On July 2, 2015 we advised Willis he had 30 days within which to personally submit any contentions or issues he wished us to consider. On July 20, 2015 we received a hand-printed response in which Willis argued the special conditions of his parole were onerous and his appointed counsel provided constitutionally ineffective assistance during the hearing.

The record provides no support for Willis's assertion his appointed counsel rendered ineffective assistance at any time during the proceedings. (*Strickland v. Washington* (1984) 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674].) To the extent Willis's claim is based on matters outside the record, it is more appropriately decided in a habeas corpus proceeding where all relevant facts can be developed. (*People v. Avena* (1996) 13 Cal.4th 394, 419.)

We have examined the record and are satisfied Willis's appellate attorney has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.                                SEGAL, J.

3